**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KK REAL ESTATE INVESTMENT FUND, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DEUTSCHE BANK TRUST COMPANY, *et al.*, <br><br> Defendants. | Case No.: 2:17-cv-01040-GMN-GWF <br><br> **ORDER** |

Before the Court is Defendant Deutsche Bank National Trust Company and Defendant Western Progressive-Nevada, Inc.'s (collectively "Defendants'") Response, (ECF No. 8), to the Court's Order to Show Cause why the instant action should not be remanded to state court.

I. **BACKGROUND**

Plaintiff KK Real Estate Investment Fund, LLC ("Plaintiff") filed this action in state court on March 16, 2017, seeking to quiet title to the real property located at 826 Horseshoe Bend Lane, Las Vegas, NV 89113. (Compl. ¶ 5, Ex. 1 to Pet. for Removal, ECF No. 1-2). Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331, citing to the Ninth Circuit's decision in *Bourne Valley Ct. Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). (Pet. For Removal ¶¶ 8–9, ECF No. 1).

Upon review of the Petition for Removal, the Court was not convinced that the jurisdictional requirements set forth in 28 U.S.C. §§ 1331 and 1441(a) were satisfied and, accordingly, ordered Defendants to show cause why the Court should not remand this action to state court. (*See* Min. Order to Show Cause, ECF No. 3). Pursuant to the Court's Order to Show Cause, Defendants filed the instant Response arguing that "the action was properly

removed on the basis of federal question and should remain in federal court." (Resp. 11:5–6, ECF No. 8).

## II. <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In evaluating diversity jurisdiction, the defendant has the burden of overcoming the "strong presumption" against removal. *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction over all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense." *Id.* at 393.

## III. <u>DISCUSSION</u>

In the instant action, Defendants have failed to establish federal jurisdiction under the well-pleaded complaint rule. Pursuant to the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Here, Plaintiff has not stated any federal claims.

Plaintiff's claims against Defendants for quiet title, cancellation of instruments, injunctive relief, breach of contract, and indemnification arise under state law.

However, Defendants claim that three exceptions to the well-pleaded complaint rule apply. First, Defendants argue that jurisdiction exists under the "substantial federal question exception." (*Id.* 7:7–13). Second, Defendants aver that "this case qualifies for the 'artful pleading' exception because state and federal decisions have knowingly [sic] reached different conclusions on the same major issue of federal law that is outcome determinative." (*Id.* 4:25–26). Third, Defendants assert that "[f]ederal question jurisdiction is present here because the 'defensive coercive action' exception applies." (*Id.* 9:4–5). The Court will address each of Defendants' arguments in turn.

**A. Substantial Federal Question Exception**

Generally, federal question jurisdiction turns on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983). However, there is a narrow category of state law claims that "implicate significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under the substantial federal question doctrine, "[f]ederal jurisdiction over a state law claim may lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Premier One Holdings, Inc. v. Nationstar Mortg.*, LLC, No. 2-17-cv-01133-RFB-NJK, 2018 WL 3207590, at *2 (D. Nev. June 30, 2018) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

The second element of the *Grable* test requires that a federal issue be actually disputed. At the time Defendants sought to remove the case, the Ninth Circuit had already decided *Bourne Valley*. Thus, when Defendants filed their Petition for Removal, "a federal court had

determined that the nonjudicial foreclosure scheme of NRS 116 was unconstitutional; therefore, there remained no disputed federal issue at the time of removal." *Premier One Holdings, Inc.*, 2018 WL 3207590 at *2 (D. Nev. June 30, 2018) (finding that "as there no longer remained a disputed federal issue at the time Nationstar removed this case to federal court, the *Grable* test is not satisfied, and federal question jurisdiction is improper"). In light of the fact that there is no federal disputed issue, the *Grable* test has not been satisfied, and the Court need not analyze the remaining elements. Accordingly, jurisdiction cannot be based on the substantial federal question exception to the well-pleaded complaint rule.

### B. Artful Pleading Exception

Under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 22 (1983). "The artful pleading doctrine allows courts to 'delve beyond the face of the state court complaint and find federal question jurisdiction' by 'recharacteriz[ing] a plaintiff's state-law claim as a federal claim.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003), as amended (Sept. 22, 2003) (quoting *Precision Pay Phones v. Qwest Communications Corp.*, 210 F. Supp. 2d 1106, 1112–13 (N.D. Cal. 2002)). Courts have used the artful pleading doctrine in complete preemption cases, substantial federal question cases, and cases where the claim is necessarily federal in character. *See id.* 340 F.3d at 1041 (9th Cir. 2003); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). However, the artful pleading doctrine should only be invoked in "limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Id.* (citation and internal quotation omitted).

As the Court has already found that substantial federal question does not apply in this case, the Court will address Defendants' argument that the instant matter is a preemption case.

Specifically, Defendants argue the "Ninth Circuit did not agree with *SFR*'s reasoning on the issue of federal due process, and intended to displace that precedent with its own," and "[b]ecause the two precedents are in conflict and the Ninth Circuit intended for its decision to displace Nevada's on an issue of federal law, quiet title actions based on the Statute are completely preempted by federal law." (Resp. 6:15–18).

The "complete pre-emption doctrine" describes "those cases in which federal law completely preempts state law and provides a federal remedy." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1403 (9th Cir. 1988). Complete preemption "provides that, in some instances, 'the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law . . . [and] any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)).

Here, there is no federal statute at issue; rather, there are competing interpretations of a state statute as a result of the Ninth Circuit's decision in *Bourne Valley*. Therefore, there has been no preemption of state law through federal regulation or federal statute. *See ARCO*, 213 F.3d at 1114 ("Unlike complete preemption, preemption that stems from a conflict between federal and state law is a defense to a state law cause of action and, therefore, does not confer federal jurisdiction over the case."). Thus, the Court finds that complete preemption does not apply and is not persuaded by Defendants' argument that the claims are necessarily federal in character. Accordingly, the Complaint does not artfully plead a federal cause of action.

**C. Coercive Action Exception**

Additionally, the Court is not persuaded by Defendants' argument that the coercive action doctrine allows this case to remain in federal court. A narrow exception to the well-pleaded complaint rule exists in the context of certain "coercive" actions for declaratory

judgment. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014). However, "[d]eclaratory actions, such as a claim for quiet title, do not implicate the same considerations as coercive actions." *Alessi & Koenig LLC v. Fed. Nat'l Mortg. Ass'n*, No. 2-15-cv-01946-GMN-GWF, 2017 WL 2636044, at *3 (D. Nev. June 19, 2017); *Salomon v. Fed. Nat'l Mortg. Ass'n*, No. 2-15-cv-00332-GMN-VCF, 2017 WL 1273868, at *2 (D. Nev. Mar. 31, 2017).

Here, as in the cases cited *supra*, the face of the Complaint contains only claims based on state law, and Defendants have not convincingly shown an exception to the well-pleaded complaint rule. Rather, this case more closely resembles the "settled law that a case may not be removed . . . on the basis of a federal defense," than the doctrine described in *Medtronic*, where a request for declaratory judgment is closely related to a viable federal coercive claim. *See Thunder Properties, Inc. v. Treadway*, No. 3-15-cv-00141-MMD-VPC, 2017 WL 899961, at *3 (D. Nev. Mar. 7, 2017) (rejecting the argument that the coercive action doctrine establishes federal jurisdiction in a similar case). The Court therefore finds that Defendants have failed to establish federal question jurisdiction in this action.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**DATED** this 4 day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court